## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

GREENBRIER HOTEL CORPORATION,
a West Virginia Corporation; THE
GREENBRIER SPORTING CLUB, INC.,
a West Virginia Corporation;  and THE
GREENBRIER SPORTING CLUB
DEVELOPMENT COMPANY, INC., a
Delaware Corporation,

       Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,
a Massachusetts Corporation; XL
INSURANCE AMERICA, INC., a
Delaware Corporation; ACE AMERICAN
INSURANCE COMPANY, a Pennsylvania
Corporation; ALLIED WORLD
ASSURANCE COMPANY HOLDINGS,
AG, a Foreign Corporation; ALLIED
WORLD ASSURANCE COMPANY,
LTD, a Foreign Corporation; ALLIED
WORLD ASSURANCE COMPANY
(U.S.) INC., a Delaware Corporation, and
THE UNDERWRITERS AT LLOYD'S
LONDON, a Foreign Corporation,

       Defendants.

CASE NO.: 5:14-cv-15201
(formerly Civil Action No.: 14-C-44)

## NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

       Pursuant to 28 U.S.C. §§ 1441 and 1446 and 9 U.S.C. § 205, come now defendants and

without waiving any objections to personal jurisdiction, service of process, or the sufficiency of

service of process, hereby file this Notice of Removal of the above-captioned matter from the

524522.2

Circuit Court of West Virginia, Greenbrier County, to the United States District Court for the Southern District of West Virginia.  In support of the removal, defendants respectfully state:

1.    Plaintiffs filed this action against the defendants Lexington Insurance Company ("Lexington"), XL Insurance America, Inc. ("XL"), ACE American Insurance Company ("ACE"), Allied World Assurance Company Holdings, AG ("Allied AG"), Allied World Assurance Company, Ltd. ("Allied Ltd."), Allied World Assurance Company (U.S.) Inc., ("Allied U.S."), and Underwriters at Lloyd's London ("Underwriters at Lloyd's") on or about March 14, 2014.  A copy of plaintiffs' complaint is attached as "Exhibit A."

2.    Plaintiffs allege in their complaint that defendants have breached policies of insurance under which plaintiffs are insured by allegedly failing to pay plaintiffs' full claim arising from a windstorm that took place on June 29, 2012.

3.    Service of the summons and complaint was made on all the defendants except Underwriters At Lloyd's, Allied Ltd., and Allied AG on March 24, 2014 by service on the Secretary of State of West Virginia.  The defendants Underwriters at Lloyd's, Allied Ltd., and Allied AG have not yet been served with process.  Therefore, this Notice of Removal is filed within 30 days of receipt.

4.    As to all defendants this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a)(1) and (2).

5.    Plaintiffs' complaint does not identify the amount at issue in the litigation. However, Plaintiffs rely on defendants' letter dated January 2, 2014, and attach that letter to the complaint as "Exhibit C."  That letter reflects defendants' disagreement with the claimed business interruption loss in an amount in excess of $13,000,000.  Therefore, the amount at issue herein exceeds $75,000.

2

524522.2

6.      Plaintiffs Greenbrier Hotel Corporation ("Greenbrier Hotel") and Greenbrier Sporting Club, Inc. ("Greenbrier Sporting Club") are West Virginia corporations.   Upon information and belief, their principal places of business are in West Virginia.   Plaintiff Greenbrier Sporting Club Development Company, Inc. ("Development Co.") is a Delaware corporation. Upon information and belief its principal place of business is in West Virginia.

7.      Defendant Lexington is a Delaware corporation with its principal place of business in Massachusetts.  Defendant XL is a Delaware corporation with its principal place of business in Connecticut.  Defendant ACE is a Pennsylvania corporation with its principal place of business in Pennsylvania.  The sole Underwriter at Lloyd's subscribing to the policy at issue is Ascot Underwriting Ltd., Syndicate 1414.   The only member of that syndicate is Ascot Corporate Name Limited, a corporation organized under the laws of the United Kingdom, with its principal place of business in London, England.  Defendant Allied, Ltd. is a Bermuda corporation with its principal place of business in Bermuda.  Defendant Allied AG is a Swiss corporation with its principal place of business in Switzerland.  Allied U.S. is a Delaware corporation with its principal place of business in New York.

8.      Defendants submit that the citizenship of Development Co. should be disregarded for purposes of diversity of citizenship.  Development Co. is named as a plaintiff in this action improperly, solely in order to defeat diversity jurisdiction.  This action is essentially a coverage dispute between the Greenbrier Hotel and the Greenbrier Sporting Club, and the defendants, regarding insurance claims submitted by the Greenbrier Hotel and the Greenbrier Sporting Club. Development Co. did not make any claim under the relevant policies, and at the time of the loss and continuing through the time of the filing of this action, Development Co. was not in existence and good standing under the law of Delaware, having become inoperative and void as

of March 1, 2011.  Moreover, any theoretical claim Development Co. could possibly have (and there is no possibility it has a claim) is not independent of the claims by the Greenbrier Hotel and the Greenbrier Sporting Club.

9.     Disregarding Development Co., which is improperly made a plaintiff in this action, there is complete diversity of citizenship between plaintiffs and defendants.

10.     As to Allied Ltd., Allied AG, and Allied U.S., the Court also has original jurisdiction pursuant to 9 U.S.C. § 203.

11.     The insurance policy issued by Allied Ltd. contains an international arbitration clause providing that disputes relating to the policy be submitted to arbitration in Bermuda.  The clause provides, in relevant part:

> Any and all disputes arising under or relating to this Policy, including but not limited to, its formation and validity, shall be finally and fully determined in Hamilton, Bermuda under the provisions of The Bermuda International Conciliation and Arbitration Act 1993 (exclusive of the Conciliation Part of such Act), as may be amended and supplemented, by a Board composed of three arbitrators to be selected for each controversy….

12.     On April 8, 2014, Allied Ltd. obtained an Order from the Supreme Court of Bermuda that enjoins plaintiffs from proceeding with this action as to Allied Ltd., and requires plaintiffs to dismiss this action as to Allied, Ltd.  A copy of the Order is attached as "Exhibit B."

13.     Given the allegations in this matter, the arbitration clause in the Allied Ltd. policy is effective as to Allied AG and Allied U.S.

14.     Removal is proper because the United States District Court for the Southern District of West Virginia has original federal question jurisdiction over this action, pursuant to 9 U.S.C. § 203. Jurisdiction is founded upon a federal question because there is an arbitration agreement in the Allied Ltd. policy that arises under the Convention On The Recognition And

4

Enforcement Of Foreign Arbitral Awards (also known as the "New York Convention," hereinafter referred to as the "Convention" and adopted by Congress at 9 U.S.C. §§ 201 et seq.).

15.     Allied Ltd. is a party to a written agreement (the policy) to arbitrate disputes arising under its insurance contract.  Allied Ltd.'s agreement is valid, has not been revoked, and is enforceable upon such grounds as exist at law or in equity.

16.     The arbitration agreement in the Allied Ltd. policy provides that the arbitration shall take place in Bermuda, a signatory to the Convention.

17.     The arbitration agreement arises out of a commercial legal relationship.

18.     The arbitration agreement is not entirely "between citizens of the United States." Allied Ltd. is a Bermuda corporation with its principal place of business in Hamilton, Bermuda.

19.     The subject matter of the action initially pending in the West Virginia state court relates to the above-referenced arbitration agreement that falls under the Convention, and the state court action, now removed to this Court, affects the arbitration rights of Allied Ltd., Allied AG, and Allied U.S. under the Convention.

20.     The Court has supplemental jurisdiction over any claims not subject to its original jurisdiction.

21.     Venue is proper in this Court because this is the district and division that embraces Greenbrier County, West Virginia, the jurisdiction where plaintiffs brought the state court action.

22.     All Defendants consent to this removal.

23.     Written notice of the filing of this notice shall be given to plaintiffs and a true copy of this notice will be filed with the Clerk of the Circuit Court of Greenbrier County, West Virginia as provided by law.

Dated April 23, 3014

                         Respectfully submitted,

                         LEXINGTON INSURANCE COMPANY, XL INSURANCE AMERICA, INC., ACE AMERICAN INSURANCE COMPANY, ALLIED WORLD ASSURANCE COMPANY HOLDINGS, AG, ALLIED WORLD ASSURANCE COMPANY, LTD, ALLIED WORLD ASSURANCE COMPANY (U.S.) INC., THE UNDERWRITERS AT LLOYD'S LONDON,

/s/ Lee Murray Hall
Lee Murray Hall, Esquire (WBSB #6447)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia 25726
Telephone: (304) 399-9704
Fax: (304) 523-2347

6

524522.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

GREENBRIER HOTEL CORPORATION,
a West Virginia Corporation; THE
GREENBRIER SPORTING CLUB, INC.,
a West Virginia Corporation;  and THE
GREENBRIER SPORTING CLUB
DEVELOPMENT COMPANY, INC., a
Delaware Corporation,

     Plaintiffs,

v.

CASE NO.:_____
(formerly Civil Action No.: 14-C-44)

LEXINGTON INSURANCE COMPANY,
a Massachusetts Corporation; XL
INSURANCE AMERICA, INC., a
Delaware Corporation; ACE AMERICAN
INSURANCE COMPANY, a Pennsylvania
Corporation; ALLIED WORLD
ASSURANCE COMPANY HOLDINGS,
AG, a Foreign Corporation; ALLIED
WORLD ASSURANCE COMPANY,
LTD, a Foreign Corporation; ALLIED
WORLD ASSURANCE COMPANY
(U.S.) INC., a Delaware Corporation, and
THE UNDERWRITERS AT LLOYD'S
LONDON, a Foreign Corporation,

     Defendants.

## CERTIFICATE OF SERVICE

     I, Lee Murray Hall, counsel for Defendants, certify that a true and correct copy of the foregoing *Notice of Removal* was electronically filed with the Clerk of the Court on this the 23rd day of April, 2014 using the CM/ECF system and mailed to the following individual by depositing the same in the U.S. Mail, postage prepaid, this 23rd day of April 2014:

|  |  |
|---|---|
| Marvin W. Masters, Esq | Avrum Levicoff, Esq. |
| The Masters Law Firm lc | Levicoff, Silko & Deemer, P.C. |
| 181 Summers Street | Suite 1900 Centre City Tower |
| Charleston, WV 25301 | 650 Smithfield Street |
|  | Pittsburgh, PA 15222-3911 |

7

/s/ Lee Murray Hall
Lee Murray Hall, Esquire (WVSB # 6447)

**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, WV  25722-2688
Telephone:  (304) 523-2100
Fax:  (304) 523-2347

8

524522.2