# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

GREENBRIER HOTEL CORPORATION, a
West Virginia corporation; and THE
GREENBRIER SPORTING CLUB, INC., a
West Virginia corporation,

Plaintiffs,

        v.

LEXINGTON INSURANCE COMPANY, a
Massachusetts Corporation; XL INSURANCE
AMERICA, INC., a Delaware corporation; ACE
AMERICAN INSURANCE COMPANY, a
Pennsylvania corporation; THE
UNDERWRITERS AT LLOYD'S LONDON, a
foreign corporation; MCLARENS YOUNG
INTERNATIONAL, INC., a Delaware
corporation, and ROCCO M. BIANCHI,

Defendants.

Civil Action No. 5:14-cv-15201
Hon. Irene Berger

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
## MOTION FOR RECONSIDERATION OF JANUARY 4, 2018
## <u>ORDER AND JUDGMENT ORDER</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ..................................................................................................... 1

PROCEDURAL HISTORY ........................................................................................ 2

ARGUMENT .............................................................................................................. 4

I.    There Is No Basis For Reconsideration Regarding This Court's Dismissal Of
Count III Pursuant To Fed. R. Civ. Pro 59 (e) or 60 (b) ................................. 4

    a.    Applicable Standard ................................................................... 4

    b.    The Court's Conclusion That Count III Of The Amended Complaint Is
Dependent On Count I Is Correct ................................................ 5

    c.    There Is No Basis Under Rule 59 (e) To Reconsider The Dismissal Of
Count III ................................................................................... 7

    d.    The January 4, 2018 Order And Judgment Order Are Not Void ....... 9

    e.    Plaintiffs Were Provided Notice Of The Court's Intention To Dismiss
Count III And Did Not Oppose Such A Result ............................. 12

II.    Plaintiffs' Argument Seeking Reconsideration Of This Court's Orders
Granting Summary Judgment As To Counts I And  II Fail Because Plaintiffs
Merely Seek To Re Litigate Issues Previously Litigated, Or Which Could
Have Been Litigated ...................................................................................... 13

    a.    Plaintiffs' Arguments That The Appraisal Award Is "Advisory" Only
And Is Not "Binding" Have Both Been Made And Rejected By This
Court ....................................................................................... 14

    b.    The Remainder Of Plaintiffs' Arguments Could Have Been Made
Previously But Were Not, And Thus Cannot Provide A Basis For
Reconsideration ........................................................................ 15

        1.    The Court Granted Summary Judgment As To Count II,
Resolving All Issues Raised By Count II  ........................... 15

        2.    The Court Granted Summary Judgment As To Count I,
Resolving All Issues Raised By Count I ............................. 18

        3.    Plaintiffs' December 12, 2017 Submission Demonstrates They
Considered Count I And II To Have Been Finally Determined ... 19

CONCLUSION ........................................................................................................ 20

i

## TABLE OF AUTHORITIES

**Cases**

Allstate Ins. Co. v. Fritz, 452 F.3d 316 (4th Cir. 2006)............................................... 11, 12

Bell v. Eastern Kodak Co., 214 F.3d 798 (7th Cir. 2000) ............................................. 5

Bramble v. American Postal Workers Union, AFL-CIO, Providence Local, 135 F.
    3d 21 (1st Cir. 1998) .......................................................................... 10, 11, 12

Cava v. National Union Fire Ins. Co. of Pittsburgh, PA., 232 W. Va. 503, 753 S.
    E. 2d 1 (W.Va. 2013)...................................................................................... 8

CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395 (4th Cir. 1995) ............. 15

Collins v. Nationwide Mut. Ins. Co., No. 14-0357, 2015 WL 869255 (W. Va. Feb.
    27, 2015) ...................................................................................................... 8

Compton v. Alton Steamship Co., Inc., 608 F.2d 96 (4th Cir. 1979) ............................ 5

Econova, Inc. v. DPS Utah, No. 1:12-cv-174, 2013 WL 85077 (S.D. W.Va. Jan.
    7, 2013). ....................................................................................................... 5

Graham v. National Union Ins. Co., No. 1:10-00453, 2013 WL 1704857 (S.D. W.
    Va. April 19, 2013) ........................................................................................ 5

Liberles v. County of Cook, 709 F.2d 1122 (7th Cir. 1983)........................................ 17

Link v. Wabash Railroad Co., 370 U.S. 626, 82 S. Ct. 1386 (1962)............................ 9

Maher v. Continental Cas. Co., 76 F.3d 535 (4th Cir. 1996)....................................... 7

Miller v. USAA Casualty Insurance Co., 44 P.3d 663 (Utah 2002)............................. 14

Moore v. United States of America, No. 2:05cv244, 2006 WL 763656
    (S.D. W. Va. March 23, 2006)........................................................................ 17

Orbit Corp v. Fedex Ground Package System, Inc., No. 2:14cv607, 2016 WL
    6609184 (E.D. Va. Nov. 18, 2016)................................................................. 17

Pree v. Farmers Ins. Exch., 552 Fed. Appx. 385 (4th Cir. 2014) ............................... 17

Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403 (4th Cir. 2010)......................... 4

Savoca v. United States, No. 2:06-00572, 2010 WL 2367366  (S.D. W. Va. June
    8, 2010) ......................................................................................................... 4

United States of America v. Grayson, 879 F.2d 620 (9th Cir. 1989) ........................... 9, 10, 11, 12

Werner v. Carbo, 731 F.2d, 204 (4th Cir. 1984) .......................................................................... 5

Woodrum v. Thomas Memorial Hospital Foundation Inc., 186 F.R.D. 350 (S. D.
    W.Va. 1999) .......................................................................................................................... 4

**Statutes**

Fed. R. Civ. Pro 56 ...................................................................................................... 17

Fed. R. Civ. Pro 56 (d) ............................................................................... 3, 7, 17, 18, 19

Fed. R. Civ. Pro. 59 (e) ................................................................................. 1, 4, 8, 13, 14

Fed. R. Civ. Pro. 60 (b) ............................................................................ 1, 5, 8, 13, 14, 15

Unfair Trade Practices Act, W. Va. Code §  33-11-1 ..................................................... 7

## INTRODUCTION

Defendants submit this memorandum of law in opposition to Plaintiffs' motion for reconsideration of this Court's January 4, 2018 Order dismissing Count III of the Amended Complaint ("the January 4 Order"), and this Court's January 4, 2018 Judgment Order (the "Judgment Order").

Rules 59 (e) and 60 (b) allow extraordinary relief when exceptional circumstances require courts to alter existing judgments to fashion a just result. There are no such circumstances in this case and Plaintiffs' motion is not addressed to correcting any injustice.  Plaintiffs' motion results from their retention of new counsel; counsel who have different arguments and strategies they believe will be more effective than those Plaintiffs have pursued to date.  Plaintiffs have written the words and made legal arguments that nominally are within the parameters of Rules 59 (e) and 60 (b).  The words and arguments are lifeless because the vital force that animates Rules 59 (e)  and 60 (b), the prevention of injustice, is completely absent.  None of Plaintiffs' arguments have been advanced to correct any injustice, but are merely an attempt to pursue a new litigation strategy.

Plaintiffs' reconsideration motion should be denied.  Plaintiffs assert that Counts I and II have not been fully litigated.  Both Counts I and II have been fully litigated; Plaintiffs are doing nothing more than raising arguments as to Counts I and II that either were previously raised and rejected by the Court, or that could have been raised but were not.  Plaintiffs assert the Court erroneously dismissed Count III.  The Court's dismissal of Count III was correct because Plaintiffs have pled Count III as dependent on Count I; once the Court granted summary judgment to Defendants as to Count I, Count III was no longer a viable cause of action and was correctly dismissed.  Moreover, Plaintiffs do not identify any clear error of law, but merely

quibble with the Court as to the extent of a "general" rule cited by the Court; the entire argument is irrelevant. Plaintiffs assert that the Court dismissed Count III based on the error that there is no coverage for Plaintiffs' claim; that assertion, however, is clearly wrong. Plaintiffs further argue that the January 4 Order and the Judgment Order dismissed Count III without notice. There was more than sufficient notice in this instance. Plaintiffs had a full and fair opportunity to litigate Count I. Once Count I was terminated, Count III was no longer viable. No further notice as to the dismissal of Count III was necessary or warranted. Further, Plaintiffs were provided notice of the impending dismissal of Count III and made clear they did not oppose such dismissal.

## **PROCEDURAL HISTORY**

The following is a summary of the procedural history of this action. Further details of the procedural history are discussed in sections II. a. and b.

Plaintiffs filed their Amended Complaint on or about April 16, 2014. See accompanying Certification of James M. Dennis In Opposition To Plaintiffs Motion For Reconsideration ("Dennis Opp. Cert.") at Ex. A. On April 23, 2014, the Defendants moved to dismiss, or alternately stay, this action pending appraisal. See ECF No.13. [1] Plaintiffs demanded that the Defendants' motion be converted to a motion for summary judgment, and further demanded time to take discovery to address all of the issues raised by Defendants' motion. See ECF No. 22. The Court agreed with Plaintiffs, and ordered that Defendants' motion be converted into a motion for summary judgment as to Count II of the Amended Complaint, allowed time for discovery, and set a briefing schedule. See ECF No. 25.

---

[1] References to "EFC No.___" are to docket entries in this matter. Defendants will provide the Court with a courtesy set of the cited ECF filings.

After taking discovery, Plaintiffs filed their opposition to Defendants' motion for summary judgment as to Count II.  See ECF No. 65.  Plaintiffs addressed, at length, the merits of Defendants' motion and Count II of the Amended Complaint.  Plaintiffs did not request any additional time for discovery, or make any argument that there was insufficient time to discover all relevant facts.  Id.  The Court granted Defendants' motion and compelled appraisal. See ECF No. 75. Plaintiffs did not seek any reconsideration of the Court's decision.

The appraisal proceeded and continued through March 9, 2017. Plaintiffs submitted their entire claim, totaling $17,471,025. On March 9, 2017 the appraisal Panel awarded $57,000 (the "Award"). The $57,000 was timely paid.

Thereafter, Plaintiffs moved to vacate the Award. Plaintiffs submitted extensive briefs and affidavits arguing that the Award should be vacated, and in any event was not binding. See ECF Nos. 81, 86. Defendants opposed Plaintiffs' motion, arguing that the Award was valid and binding. See ECF No. 84.

In further response to Plaintiffs' motion to vacate, Defendants cross-moved for partial summary on Count I of the Amended Complaint and also that Plaintiffs are not entitled to Hayseeds damages.  See ECF No. 83. Plaintiffs opposed Defendants' motion and moved under Fed. R. Civ. Pro 56 (d) for time to take discovery as to that motion.  See ECF Nos. 85, 87.

The Court denied Plaintiffs' motion to vacate the Award and granted Defendants' motion for partial summary judgment as to Count I. The Court also denied Plaintiffs' Rule 56(d) motion, and expressly held there was no evidence known, or that could be obtained via discovery, which would preclude summary judgment as to Count I.  See Memorandum and Order, November 29, 2017, ECF No. 93.

3

On December 4, 2017, the Court ordered that Plaintiffs state whether, in light of the Court's dismissal of Count I and the prior proceedings, they intended to proceed with Count III of the Complaint.  See ECF No. 95.  In response, Plaintiffs did not take the position that anything was left to litigate as to Counts I and II; in fact the opposite.  Plaintiffs' position was that Counts I and II had been fully litigated, and Plaintiffs were determining whether to appeal the Court's Orders as to Counts I and II.  Plaintiffs then communicated to the Court that while Plaintiffs intended to proceed with Count III, the entire case would be more efficient if Count III could be litigated after an appeal of Counts I and II were decided. See ECF No. 96.

On January 4, 2018, the Court entered an order dismissing Count III with prejudice because Count III, as alleged in the Amended Complaint, depended on the success of Count I. See ECF No. 101. The Court then entered Judgment. See ECF No. 102.

## **ARGUMENT**

I.      There Is No Basis For Reconsideration Regarding This Court's Dismissal Of Count III Pursuant To Fed. R. Civ. Pro 59 (e) or 60 (b)

a.  Applicable Standard

Motions pursuant to Fed. R. Civ. Pro. 59 (e) raise serious finality issues. The circumstances in which Rule 59 (e) motions are granted are so limited that they are typically denied. See Savoca v. United States, No. 2:06-00572, 2010 WL 2367366 at *1.  (S.D. W. Va. June 8, 2010); Woodrum v. Thomas Memorial Hospital Foundation Inc., 186 F.R.D. 350, 351 (S. D. W.Va. 1999).  Granting a Rule 59 (e) motion is discretionary and there are only three narrow circumstances on which a Rule 59(e) motion can be granted: (1) an intervening change in the law; (2) to account for new evidence not available at the time of trial, or; (3) to correct a clear error of law or to prevent a manifest injustice.  Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 411-412 (4th  Cir. 2010). It is well established that Rule 59(e) motions are not to be used to

re-litigate old matters or make arguments that could have been raised prior to the judgment. See Graham v. National Union Ins. Co., No. 1:10-00453, 2013 WL 1704857 at *1 (S.D. W. Va. April 19, 2013). Courts "routinely" deny Rule 59 motions that seek to do exactly that. Econova, Inc. v. DPS Utah, No. 1:12-cv-174, 2013 WL 85077 at *1 (S.D. W.Va. Jan. 7, 2013). Rule 59 (e) does not allow reconsideration because a litigant disagrees with the Court's decision. Moore v. United States of America, No. 2:05CV244, 2006 WL 763656 at *1 (S.D. W. Va. March 23, 2006).

Rule 60 motions are disfavored collateral attacks on the finality of judgments. Bell v. Eastern Kodak Co., 214 F.3d 798, 800-01 (7th Cir. 2000). Relief under Rule 60 (b) is extraordinary and is allowed in only exceptional circumstances. Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). In order to obtain such relief, a movant must show a meritorious defense, an absence of unfair prejudice to the opposing party, and extraordinary circumstances. In addition, the movant must satisfy the pertinent Rule 60 (b) ground for relief. Werner v. Carbo, 731 F.2d, 204, 207 (4th Cir. 1984). As discussed below, Plaintiffs have failed to meet any of the standards for either Rule 59 (e) or Rule 60.

 b.  The Court's Conclusion That Count III Of The Amended Complaint Is
   Dependent On Count I Is Correct

The core of the January 4 Order is clear. Count III was dismissed because it depends on the merits of Count I, and the Court had granted summary judgment in favor of Defendants as to Count I. The Order so states on the first page; the Court stated "Count III appears to the Court to be dependent on success as to Count I…."

The allegations in the Amended Complaint make clear the Court's observation was correct. Count I is entitled "Breach Of The Insurance Contract". It contains one substantive allegation, i.e., that the Defendants breached their policies by not paying or agreeing to pay the

Plaintiffs' insurance claim within thirty days after proof of loss.  <u>See</u> Amended Complaint, Dennis Opp. Cert. Ex. A, at par. 32.   Thus, the only salient issues were whether Plaintiffs had a $17 million claim as submitted, and whether it was timely paid.  The only other allegation in Count I is that Plaintiffs suffered damages as a result of the alleged breach, specifically, loss of the policy proceeds, economic loss as a result of not paying the proceeds, aggravation and inconvenience damages from the defendants not paying the proceeds, and litigation expenses to recover the proceeds.

Count III is clearly dependent on the allegations in Count I.  Paragraph 42 in Count III alleges that Defendants knew there were amounts due and payable under their policies, but refused to make such payments. Paragraph 43 alleges that Defendants selectively gathered evidence and information that undermined the Plaintiffs' claims, and paragraph 44 alleges the Defendants misinterpreted the evidence that was available to minimize the Plaintiffs' entitlements to the policy proceeds.   All of these allegations relate to the argument that Defendants did not pay the amount claimed within thirty days of the proof of loss. Critically, at paragraph 50, the Plaintiffs allege "As a proximate result of Defendants acts and omissions, the Plaintiffs "were damaged as set forth above". The only damages "set forth above" are those alleged in Count I.

In its November 29, 2017 Order granting summary judgment to Defendants as to Count I, ECF No. 93, the Court found that the Defendants paid the amounts due to the Plaintiffs prior to the appraisal, and that the rest of the Plaintiff's claim had been submitted to appraisal, which was conducted in accord with the policies, and the Award was timely paid.  <u>Id</u>. at 15-16.  The Court concluded that the Defendants promptly paid all amounts determined to be owed.  Thus, there was no breach of contract, and the Court granted summary judgment to the Defendants as to

Count I.  Moreover, in opposition to the Defendants' motion for summary judgment, Plaintiffs moved under Fed. R. Civ. Pro. 56 (d) for additional time to take discovery as to Defendants' alleged failure to timely pay the amounts due to Plaintiffs. The Court denied that motion because Plaintiffs failed to identify any evidence as to which discovery was warranted. Id. at 15 -16. The Court's findings were dispositive as to Count III. As a result of the entry of summary judgment as to Count I, Plaintiffs could no longer argue, as they alleged in Count III, that the Defendants knew that money was due and owing to the Plaintiffs but deliberately did not pay it, that Defendants had gathered evidence to undermine Plaintiffs' claim, as that Defendants misinterpreted the evidence to minimize the Plaintiffs' entitlement to proceeds.  Plaintiffs cannot make any showing that Defendants did not timely make the payments at issue, as this Court found.  Cf. Maher v. Continental Cas. Co., 76 F.3d 535, 544 (4th Cir. 1996) (insured theoretically could argue that insurer committed UTPA violation by not timely paying amount due under the policy).  In short, Count III, because it had been pled to rely on Count I, and based on the Court's ruling, was logically eviscerated by the grant of summary judgment as to Count I.

### c. There Is No Basis Under Rule 59 (e) To Reconsider The Dismissal Of Count III

The first "clear error of law" asserted by the Plaintiffs is an argument regarding the Court's statement of the "general rule" that a court must find there is coverage before common law bad faith and Unfair Trade Practices Act, W. Va. Code §  33-11-1 et. seq., ("UTPA") claims can proceed against an insurance company.  See Plaintiffs' memo at 9 -13.  This entire argument is irrelevant because the "general rule" is not the basis of the Court's decision. The basis of the Court's decision to dismiss Count III was that Count III is dependent on Count I, and the Court had already granted summary judgment as to Count I.

Not only is the entire argument irrelevant, it does not even specifically address the January 4 Order. Plaintiffs' entire argument is devoted to doctrinal distinctions between <u>Hayseeds</u> actions, on the one hand, and <u>Jenkins</u> actions for UTPA violation on the other. Distinctions in the abstract between <u>Hayseeds</u> actions and <u>Jenkins</u> actions are not relevant to this situation.

Further, Plaintiffs' entire argument does not establish any clear error of law. It is undisputed that in <u>Cava v. National Union Fire Ins. Co. of Pittsburgh, PA.</u>, 232 W. Va. 503, 753 S. E. 2d 1, 9, n.6 (W.Va. 2013) the West Virginia Supreme Court of Appeals stated "generally, a court must find there is coverage before there can be a common law bad faith and UTPA claim against an insurance Company". Further, that court has continued to follow its general rule. <u>See</u> <u>Collins v. Nationwide Mut. Ins. Co.</u>, No. 14-0357, 2015 WL 869255 (W. Va. Feb. 27, 2015) (affirming trial court decision dismissing common law bad faith and UTPA claims on basis of no coverage). Plaintiffs themselves admit the Supreme Court's statement in <u>Cava</u>, and admit that their entire argument boils down to a quibble as to the generality of the "general rule" set forth in <u>Cava</u> and referred to by the Court in its January 4 Order. Thus, Plaintiffs are reduced to asserting "Even assuming under *Cava* that a finding of coverage *may* be required *generally* in some circumstances, *Jordache* and *McCormick* make clear that that is not always the case". The difference between this statement and the Court's statement of the "general rule" in its January 4 Order is difficult to see. Regardless, quibbles about how "general" a "general rule" actually is do not come close to meeting the exacting standard of Rule 59 (e) or Rule 60 (b).

The second "clear error of law" according to the Plaintiffs is the Court's supposed conclusion that no coverage exists in this situation. <u>See</u> Plaintiff's memo at 9-10. This argument borders on the frivolous. The motion practice regarding Count II, which resulted in summary

judgment in Defendants' favor, is premised on the fact that coverage was in force. See ECF No. 75. The same is true as to the November 29, 2017 Memorandum Opinion And Order, in which the Court found:

> There is no dispute that the Insurers promptly paid the $798,116 loss that they substantiated. They contested the remainder of the Greenbrier's approximately $17 million claim. The Court previously ruled that the Insurers timely demanded appraisal under the terms of the policy, and there is no dispute that the Insurers promptly paid the $57,000 that the appraisal panel awarded.

> ECF No. 93, at 15.

Thus, the Court has never taken the position that there is no coverage in this case and did not wrongly assume there is no coverage in its January 4 Order.

### d.     The January 4, 2018 Order And Judgment Order Are Not Void

Plaintiffs' argument that the January 4 Order and the Judgment Order are void due to lack of notice is an attempt to make a due process mountain out of a procedural mole hill. As discussed, the Court correctly found that found that Count III was dependent on Count I. Plaintiffs do not argue, because they cannot argue, that they were denied due process as to Count I. Once the Court granted summary judgment as to Count I, Count III necessarily failed. No further notice was required to dismiss Count III because the logical underpinning of that Count had been fully litigated.

Formal notice and an adversarial hearing are not required as to the dismissal of every claim or cause of action. See Link v. Wabash Railroad Co., 370 U.S. 626, 632, 82 S. Ct. 1386, 1389 (1962). Courts routinely dismiss claims that are logically dependent on determinations that have been previously made. For example, in United States of America v. Grayson, 879 F.2d 620 (9th Cir. 1989) the United States Department of Commerce Economic Development Agency ("EDA") loaned $2 million to a corporation. The loan was personally guaranteed by the

defendants, John and Dorothy Grayson. The corporate borrower defaulted. The EDA accelerated the note, and demanded the Graysons honor their guaranty and repay the loan amount. The Graysons refused to do so; the EDA sued and moved for summary judgment. The Graysons opposed the motion, and filed amended pleadings asserting counter-claims against the EDA. The district court granted summary judgment to the EDA on the ground that the note was properly accelerated. The district court then, without notice to the Graysons, dismissed their counter-claims.

The Court of Appeals affirmed the district court's determination that the acceleration of the note was proper. The Court of Appeals also affirmed the district court's sua sponte dismissal of the Graysons' counter-claims. Id. at 624. The Court of Appeals stated that dismissal of the Graysons counter-claims was proper, even though no notice was provided that the district court was going to do so, because those counter-claims necessarily failed once it was determined that the acceleration of the note was valid. The court stated "As the Graysons will be unable to establish that EDA's acceleration of the note was wrongful, those of their claims which depend on a finding of wrongful acceleration must also fail." Id. at 624.

A similar process was followed in Bramble v. American Postal Workers Union, AFL-CIO, Providence Local, 135 F. 3d 21 (1st Cir. 1998) in which the district court granted summary judgment in favor of the defendant. The Plaintiff argued that the Court granted summary judgment based on two arguments that were not made by the defendant. Thus, plaintiff did not have notice and an opportunity to respond to those arguments. The Court of Appeals rejected that contention. The court stated that a party "need not have the opportunity to address every step of the reasoning employed or every case relied upon by the district court." Id. at 27. Because the plaintiff had actually presented briefs attempting to distinguish the case relied on by the District

Court, plaintiff had in fact had an opportunity to be heard, and the district court properly dismissed plaintiff's disparate treatment claim.   The court then went on to state "Since [plaintiff's] disparate impact claim merely extends from this failed disparate treatment claim, [plaintiff'] inability to successfully distinguish *Hazen Paper* was fatal to both claims. Thus we reject [plaintiff's] argument that he was denied reasonable notice." Id. at 27.

The process followed by the district courts in Grayson and Bramble, approved by the Ninth and First Circuits respectively, is exactly the process followed by the Court in this case. The Court determined that Count III was dependent on Count I, and because Count I had been dismissed, Count III also failed.

The Fourth Circuit has similarly recognized that due process is a flexible concept, and is satisfied so long as a party has an opportunity to litigate the basic issues that have been decided. In Allstate Ins. Co. v. Fritz, 452 F.3d 316 (4th Cir. 2006) Allstate Insurance Company ("Allstate") pursued a subrogation claim against two co-tenants that had leased an apartment.  A guest of one of the tenants had caused a fire, damaging the apartment building. Allstate paid the building owner under the applicable property policy and pursued subrogation against the tenants and the guest.   One of the tenants moved for partial summary judgment to dismiss Allstate's negligence claim against that tenant only.  The second tenant did not so move. The district court, however, granted summary judgment in favor of both tenants even though only one of them had moved. Id. at 323.   On appeal, Allstate argued that the district court's grant of summary judgment in favor of the non-moving tenant should be vacated because Allstate was not provided the opportunity to be heard before judgment was entered against it. The Fourth Circuit rejected Allstate's argument, stating that due process is satisfied so long as sufficient notice and an adequate opportunity to demonstrate the existence of a disputed material fact are provided. Id. at

323. Because Allstate had the opportunity to submit briefs and evidence as to the negligence of the non-moving co-tenant with regard to a different cause of action, due process was satisfied. Id.

Grayson, Bramble and Allstate are all examples that due process is a flexible concept and whether due process has been accorded depends of the facts of each case.  Further, Grayson and Bramble demonstrate that far from being a due process violation, the procedure followed by this Court in dismissing Count III was entirely acceptable. Plaintiffs had a full and complete opportunity to litigate every issue raised by Count I and did so.  The Court properly dismissed Count III because it is entirely dependent on Count I.  No separate notice or hearing was required to dismiss Count III and there was no due process violation.

      e.      Plaintiffs Were Provided Notice Of The Court's Intention To Dismiss Count III And Did Not Oppose Such A Result

On December 4, 2017, the Court issued an Order essentially telling the Plaintiffs that Count III was at risk of dismissal due to the Court's prior rulings. See ECF No. 95.  The Court noted that it had reviewed the pleadings, the applicable law, and the Court's November 27, 2017 Memorandum Opinion and Order. In light of that review, the Court ordered the Plaintiffs to state whether they intended to proceed with Count III. Id.

This Order clearly put Plaintiffs on notice that the Court was considering dismissal of Count III.  The Court could have simply ordered the parties to conduct a Rule 16 conference and submit a proposed schedule for the remainder of the case.  The Court, however, did not do that. Instead, the Court noted that it had reviewed all of the pleadings, the applicable law, and its recent decision, and was putting Plaintiffs on notice to state whether in light of that record, they intended to proceed with Count III.  This clearly constituted notice that Count III was at risk, and if Plaintiffs had reasons as to why Count III could continue they were on notice to provide them.

In their response, ECF No. 96, Plaintiffs provided nothing on which the Court could conclude that Count III was viable.  Instead, Plaintiffs essentially told the Court that while they were interested in pursuing Count III, the whole case would proceed more efficiently if Counts I and II were to be resolved on appeal before Count III proceeded.  Id. at 2.  As Plaintiffs were well aware, the fact that Count III remained open precluded any appeal.  Plaintiffs, however, plainly wanted Counts I and II to be reviewed on appeal before proceeding with Count III.  Plaintiffs understood that the Court was considering dismissal of Count III, and were essentially telling the Court that Plaintiffs would not oppose the Court doing so, which would allow Plaintiffs to pursue their appeal.  The only other way for Plaintiffs to proceed with an appeal would be to voluntarily dismiss Count III with prejudice.  Instead, the Plaintiffs decided not to oppose the Court's imminent dismissal of Count III.

Plaintiffs' new counsel is apparently not satisfied with this strategy.  That, however, is no reason to alter or amend a judgment under Rule 59 (e), or provide relief under Rule 60 (b).

II.   Plaintiffs' Argument Seeking Reconsideration Of This Court's Orders Granting Summary Judgment As To Counts I And II Fail Because Plaintiffs Merely Seek To Re Litigate Issues Previously Litigated, Or Which Could Have Been Litigated

Plaintiffs assert they are entitled to reconsideration of the Judgment Order because that Order wrongly assumed that all of the issues regarding Counts I and II have been fully litigated.  Using reconsideration as a wedge, Plaintiffs now seek to essentially re-litigate all of the issues that have already been determined as to Counts I and II.  Further, Plaintiffs now want to invent new issues which supposedly exist that have never before been raised or even pled. See Plaintiffs memorandum at 4-5 and 17-20.

The attempt to overturn this entire litigation is nothing more than an abuse of Rules 59(e) and 60.  Nowhere in their brief have Plaintiffs even attempted to meet the high standards of Rule

59 (e) and 60 (b) with regard to their request that this Court reconsidered the grants of summary judgment as to Counts I and II.   Plaintiffs make no attempt to show a clear error of law as required by Rule 59 (e), and make no attempt to demonstrate the extraordinary circumstances, or any of the other requirements, of Rule 60 (b).   It is clear that Plaintiffs' motion to reconsider the grant of summary judgment as to Counts I and II is nothing more than an attempt by new counsel to re-litigate issues that were, or could have been, litigated.

   a. Plaintiffs' Arguments That The Appraisal Award Is "Advisory" Only And Is Not "Binding" Have Both Been Made And Rejected By This Court

Plaintiffs argue that the appraisal Award is "advisory only" as a matter of law and is not "binding" as a matter of contract and insurance policy interpretation.  <u>See</u> Plaintiffs' memo at 4, and 17-20.  These exact arguments were previously made by the Plaintiffs in their motion to vacate the appraisal Award and were rejected by the Court.

The issue of whether the appraisal Award was binding was the subject of extensive briefing before this Court.  Plaintiffs moved to vacate the appraisal Award on May 23, 2017.  In support of that motion Plaintiffs argued the Award was not binding for many reasons.  Plaintiffs expressly argued the appraisal Award was not binding as a matter of law.  This argument was made in their opening brief quoting, in italics, <u>Miller v. USAA Casualty Insurance Co.</u>, 44 P.3d 663 (Utah 2002) to the effect that appraisal awards are not binding as a matter of law.  <u>See</u> ECF No. 81, at 15.  The Plaintiffs also expressly argued that West Virginia's law of contract construction precluded the appraisal Award from being final.  <u>Id</u>. at 18-20.  Plaintiffs continued both arguments in their reply memorandum in which they argued that the appraisal Award was not final and binding because the appraisal clauses do not contain such "binding" language, the

appraisal was at best, a pre-suit requirement, and the appraisal was not binding as a matter of law.  <u>See</u> ECF No. 86, at 2, 3, 9, 11-12, and 13.

Plaintiffs now make exactly the same arguments. Plaintiffs assert the appraisal Award is "advisory" because the appraisal provisions do not state the Award is binding.  <u>See</u> Plaintiffs' memo at 18-20, and that the appraisal Award is not binding as a notice of law.  <u>Id</u>. at 4.  The Court rejected these arguments in its November 29, 2017 Memorandum Opinion And Order, ECF No. 93. This is a classic case of a reconsideration motion that should be rejected because it merely re-hashes old arguments.  The Fourth Circuit has long held that Rule 60 (b) motions are not allowed to correct errors of law.  <u>See</u> <u>CNF Constructors, Inc. v. Donohoe Const. Co.</u>, 57 F.3d 395, 400 (4th Cir. 1995).

      b.  <u>The Remainder Of Plaintiffs' Arguments Could Have Been Made Previously But Were Not, And Thus Cannot Provide A Basis For Reconsideration</u>

Plaintiffs assert that the Judgment Order wrongly assumes that the appraisal Award "somehow mooted" any remaining procedural of substantive issues under Counts I and II.  <u>See</u> Plaintiffs' memo at 17.  This is a gross distortion of the Judgment Order and the procedural history of this case. The Judgment Order makes no such assumption.  The Judgment Order properly recites that Counts I and II have been dismissed by the Court pursuant to summary judgment as to each Count.

      1.  <u>The Court Granted Summary Judgment As To Count II, Resolving All Issues Raised By Count II</u>

Count II contains only one claim, <u>i.e.</u>, a claim for a declaration that the Plaintiffs need not proceed with an appraisal under the Policy because the Defendants did not timely demand appraisal.  <u>See</u> Amended Complaint, Dennis Opp. Cert. Ex. A, at pars. 36 through 40.  However,

regardless of how many issues Plaintiff now argues are comprised in Count II, all such issues were resolved because the Court granted summary judgment to Defendants as to Count II.

On April 23, 2014, the Defendants moved to dismiss, or alternately stay, this action pending appraisal.  See ECF No. 13. In response, Plaintiffs filed a motion asking the Court to convert Defendants' motion to dismiss into a motion for summary judgment.  Plaintiffs further sought the entry of a "Time Frame Order" to allow sufficient time for discovery to respond to Defendants' motion.  See ECF No. 22. Plaintiffs stated that "a reasonable opportunity to conduct discovery as to all relevant issues should be afforded before [Defendants'] motion will be ripe for ruling" (emphasis added) and further requested the Court set an appropriate briefing schedule following such discovery period. Id at par. 11.  The Court agreed with Plaintiffs, and as Plaintiffs themselves requested, converted Defendants' motion into a motion for summary judgment. The Court, however, expressly ordered, and specifically emphasized, that Defendants' motion was "**converted into a Motion for Summary Judgment as to Count II of the Plaintiffs' Complaint**" (emphasis in original). The Court then set a briefing as to "Defendants Motion for Summary Judgment, (Document No.12, as converted by this Order)".  See ECF No.25, at 2. There can be no doubt that the Court ordered Defendants' motion to be converted into a motion for summary judgment as to Count II, and set a discovery period so that Plaintiffs could obtain all facts necessary to oppose the motion.

Plaintiffs did not object to the Court converting Defendants' motion into a motion for summary judgment to Count II, and at no time did Plaintiffs ever object that the time allowed by the Court for discovery as to summary judgment as to Count II was insufficient.

On August 27, 2014, Plaintiffs filed their opposition to Defendants' motion for summary judgment. See  ECF No. 65.  The Plaintiffs expressly treated Defendants' motion as a motion for

16

summary judgment, asserting that Fed. R. Civ. Pro 56 applied. Id. at 9.  Plaintiffs addressed, at length, the merits of Defendants' motion and submitted extensive evidence.  Plaintiffs did not request any additional time for discovery.[2]  To the extent there were any issues to be litigated that would preclude summary judgment as to Count II, Plaintiffs were obligated to raise and argue them.  See Liberles v. County of Cook, 709 F.2d 1122, 1126 (7th Cir. 1983); Orbit Corp v. Fedex Ground Package System, Inc., No. 2:14cv607, 2016 WL 6609184, at *15 (E.D. Va. Nov. 18, 2016).

The Court applied the Rule 56 summary judgment standard, reviewed the evidence that had been submitted, granted Defendants' motion for summary judgment as to Count II, and ordered that the appraisal proceed. See ECF No. 75, at 6-7, 11- 14.

Plaintiffs did not seek any reconsideration of the Court's decision.  They did not argue that the Court misapprehended the scope of Count II and did not argue that there were issues raised by Count II that were not addressed in the Court's decision. As of February 18, 2015, all of the issues raised by Count II of the Amended Complaint were resolved.

Plaintiffs argue that summary judgment was not actually granted as to Count II because the Court's February 18, 2015 Order only determined that the appraisal would proceed and otherwise stayed the action. See Plaintiffs' memo at 15 and n.7.  This argument is superficial. Defendants' motion was converted to a motion for summary judgment as to Count II at Plaintiff's insistence. Plaintiffs demanded and were provided a time in which to take all discovery relevant to Defendants' motion as to Count II. Plaintiffs made no Fed. R. Civ. Pro. Rule 56 (d) motion for further discovery.  Plaintiff was obligated to take all necessary discovery and raise all issues as to Count II. Having lost that motion almost three years ago Plaintiffs, with

---

[2] Having not requested additional time to oppose Defendants' summary judgment motion, Plaintiffs waived any argument that discovery was inadequate.  Pree v. Farmers Ins. Exch., 552 Fed. Appx. 385, 388 (4th Cir. 2014).

their new counsel, cannot now argue that summary judgment was not granted as to Count II, or that there are some unidentified issues in Count II that have not been resolved.

### 2. The Court Granted Summary Judgment As To Count I, Resolving All Issues Raised By Count I

The appraisal proceeded and continued through March 9, 2017. Plaintiffs submitted their entire claim, totaling $17,471,025, in the appraisal. On March 9, 2017 the appraisal Panel awarded $57,000 (the "Award"). The $57,000 was timely paid. <u>See</u> November 29, 2017 Memorandum Opinion and Order, ECF No. 93.

Plaintiffs moved to vacate the appraisal Award. <u>See</u> ECF No. 81. Defendants cross-moved for partial summary judgment to dismiss Count I and also that Plaintiffs are not entitled to <u>Hayseeds</u> damages. <u>See</u> ECF Nos. 83, 84. Plaintiffs opposed Defendants' cross-motion by arguing the appraisal Award was improper and not binding. Plaintiffs also argued that in addition to the amount due, Count I also raised the issue of whether the Defendants had timely paid the amounts due under their policies and that issue was not addressed in the appraisal. <u>See</u> ECF No. 85, at 3. Additionally, Plaintiffs moved, pursuant to Fed. R. Civ. Pro 56 (d) for additional time to take discovery. <u>See</u> ECF No. 87. Defendants responded that it was undisputed that all amounts due to the Plaintiffs had been timely paid. Defendants further argued that Plaintiffs' Rule 56 (d) motion should be denied because Plaintiffs failed to specify any fact or issue as to which discovery was needed. <u>See</u> ECF No. 88, at 6-8.

The Court granted Defendants' motion for partial summary judgment as to Count I, finding that it was uncontested that the Defendants timely paid the amount they determined to be due under their policies, and that the remainder of the amount at issue, $17 million, had been the subject of the appraisal, and there was no dispute that the Defendants promptly paid the Award. The Court denied Plaintiffs' Rule 56(d) motion. The Court held that Plaintiffs made no showing

that there was any evidence known, or that could be discovered, which would preclude summary judgment.  See ECF No. 93.

The Court's decision as to Count I leaves no room to now assert that there are unidentified issues that are part of Count I but that were not litigated.  Plaintiffs were obligated to identify such issues in response to Defendants' summary judgment motion.  Plaintiffs moved for additional time for discovery as to Count I but failed to identify any fact or issue as to which additional discovery was warranted. Because the Plaintiffs could not identify even a single fact or issue as to which additional discovery was needed, the Court denied Plaintiff's Rule 56 (d) motion.  Thus, as of November 29, 2017, all issues as to Count I were decided.

### 3. Plaintiffs' December 12, 2017 Submission Demonstrates They Considered Count I And II To Have Been Finally Determined

As discussed above, on December 4, 2017 the Court Ordered that Plaintiffs state whether, in light of the Court's November 29, 2017 Order, Plaintiffs intended to proceed with Count III of the Amended Complaint.  Plaintiffs' response demonstrates the meritlessness of their new argument that Counts I and II have not been fully decided.  If Plaintiffs actually thought that there were issues involved in Counts I and II that had not been resolved, they would have so stated in response to the Court's Order.  They did not. Instead, Plaintiffs' position was that Counts I and II had been fully litigated, and Plaintiffs were determining whether to appeal the Court's Orders as to Counts I and II.  See ECF No. 96.  Plaintiffs' position clearly demonstrates that, as of December 12, 2017, they considered the Court's determinations as to Counts I and II final, and that nothing was left to litigate as to those two Counts. It was only after Plaintiffs retained new counsel that Plaintiffs asserted, for the first time, that somehow Counts I and II have not been fully adjudicated.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion should be denied.

Respectfully submitted,


/s/ Lee Murray Hall_____
Lee Murray Hall, Esquire (WBSB #6447)
JENKINS FENSTERMAKER, LLC
325 8th Street
Huntington, West Virginia 25701
Telephone: (304) 523-2100
Fax: (304) 523-2347
Counsel for Defendants

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

GREENBRIER HOTEL CORPORATION, a
West Virginia corporation; and THE
GREENBRIER SPORTING CLUB, INC., a
West Virginia corporation,

Plaintiffs,

              v.

LEXINGTON INSURANCE COMPANY, a
Massachusetts Corporation; XL INSURANCE
AMERICA, INC., a Delaware corporation; ACE
AMERICAN INSURANCE COMPANY, a
Pennsylvania corporation; THE
UNDERWRITERS AT LLOYD'S LONDON, a
foreign corporation; MCLARENS YOUNG
INTERNATIONAL, INC., a Delaware
corporation, and ROCCO M. BIANCHI,

Defendants.

Civil Action No. 5:14-cv-15201
Hon. Irene Berger

### CERTIFICATE OF SERVICE

      I, Lee Murray Hall, counsel for Defendants, certify that a true and correct copy of the
foregoing ***"Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for
Reconsideration of January 4, 2018 Order and Judgment Order"*** was electronically filed with
the Clerk of the Court on this the 25th day of January, 2018 using the CM/ECF system which
will send notification of such filing to the following CM/ECF participants:

Marvin W. Masters, Esq.
The Masters Law Firm lc
181 Summers Street
Charleston, WV 25301

David F. Nelson, Sr., Esq.
Hendrickson & Long, PLLC
P.O. Box 11070
Charleston, WV 25339

Avrum Levicoff, Esq.
Levicoff, Silko & Deemer, P.C.
Suite 1900 Centre City Tower
650 Smithfield Street
Pittsburgh, PA 15222-3911

/s/ Lee Murray Hall
Lee Murray Hall, Esquire (WVSB # 6447)

**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, WV  25722-2688
Telephone:  (304) 523-2100
Fax:  (304) 523-2347