IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

GREENBRIER HOTEL CORPORATION, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO.   5:14-cv-15201

LEXINGTON INSURANCE COMPANY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiffs' Motion for Reconsideration of January 4, 2018 Order and Judgment Order* (Document 104) and supporting memorandum (Document 105), the *Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration of January 4, 2018 Order and Judgment Order* (Document 107), and the *Plaintiffs' Reply in Support of Reconsideration of January 4, 2018 Order and Judgment Order* (Document 109).

This case has had a somewhat convoluted history.  The Plaintiff, referred to collectively as "the Greenbrier," filed a *Complaint* (Document 1-1) in the Circuit Court of Greenbrier County, West Virginia, on March 14, 2014.  The Greenbrier sought recovery from the Defendants, a group of insurers, for damages arising from a 2012 *derecho* windstorm.  The *derecho* occurred on June 29, 2012, and the Greenbrier hosted its Greenbrier Classic golf tournament just days later.  The tournament went forward as scheduled, and the Insurers promptly paid portions of the Greenbrier's claim.  However, the Insurers largely denied a business interruption claim related to a projected increase in profits following the Greenbrier Classic.  That denial is the subject of this lawsuit.

The Insurers requested that the case be dismissed or stayed pending appraisal. On February 18, 2015, the Court granted the motion and entered a stay to permit appraisal in accordance with the insurance policies. (*See* Memorandum Opinion and Order, Document 75.) On May 1, 2017, after receiving notice that the appraisal process was complete, the Court entered an order lifting the stay and setting a schedule for the filing of any motions to overturn the appraisal award. (*See* Order, Document 79.) The appraisal panel[1] determined that the Insurers owed an additional $57,000, but found that the Greenbrier was not entitled to the remainder of its $16,497,138.63 claim.

The Greenbrier filed a motion to vacate the decision of the appraiser/umpire on May 23, 2017. On June 13, 2017, the Insurers filed a cross-motion seeking partial summary judgment on the underlying complaint as a result of the appraisal decision. The Court denied the motion to vacate and granted the cross-motion for partial summary judgment. (*See* Memorandum Opinion and Order, Document 93.)

The Greenbrier's amended complaint (Document 1-3) contains the following counts: Count One: Breach of the Insurance Contract; Count Two: Declaratory Relief determining that appraisal was not required; and Count Three: Unfair and Unlawful Claims Practices. The Court found that the first opinion staying the case pending appraisal resolved Count Two, and the second opinion granting partial summary judgment and enforcing the appraisal award resolved Count One. Therefore, the Court requested that the Greenbrier indicate whether it intended to pursue Count Three and what type of discovery it anticipated. The Greenbrier responded that it intended to

---

1 The panel consisted of an appraiser selected by the Insurers, an appraiser selected by the Greenbrier, and an umpire selected jointly by the two appraisers. The appraiser selected by the Greenbrier disagreed with the award and maintained that the Greenbrier was entitled to its full claim.

2

proceed with Count Three, but might wish to appeal the Court's prior decisions before proceeding.[2] The Insurers filed a response contending that the Greenbrier would have no damages that were not premised on the success of Count One, the improper refusal to pay the Greenbrier's claim.

Upon careful review of the amended complaint, the Court ordered that Count Three be dismissed, explaining that it appeared to be dependent on the success of Count One. (*See* Order, Document 101.) The Greenbrier seeks reconsideration.

### STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment. The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* The Fourth Circuit has further cautioned that reconsideration after entry of judgment should be used sparingly. *Id.*

Rule 60(b), in turn, permits relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[2] The Greenbrier obtained new counsel after submitting this response.

>(4) the judgment is void;
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "[A] motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed [within the time frame set forth in Rule 59(e)] and seeks to correct [] judgment."  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (referencing a ten-day limit in the prior version of the rule, now amended to permit Rule 59(e) motions filed within 28 days).  Because the Greenbrier's motion was filed within 28 days of entry of judgment, the Court will review it in accordance with Rule 59(e).[3]

## DISCUSSION

The Greenbrier argues that the Court erred in finding that there was no insurance coverage on which to premise a claim for unfair and unlawful claims practices.  It argues that the Court's rulings on Counts One and Two did not "determine[] the scope of coverage available under the relevant insurance policies."  (Mem. at 10.)  Even if the coverage issues were fully resolved, the Greenbrier argues, West Virginia law permits statutory bad faith claims without a wrongful denial of coverage.  In addition, the Greenbrier contends that the appraisal award is advisory and not binding.  Finally, the Greenbrier argues that the Court's order dismissing Count Three and entering judgment denied its due process right to be heard because it had no notice that the Court was considering dismissal.

---

[3] The Court notes, however, that the Greenbrier's arguments that the Court's factual and legal conclusions were erroneous and that the Court dismissed Count Three without proper process would result in the same analysis and outcome under either standard.

4

The Insurers argue that the Greenbrier's motion "results from their retention of new counsel" with a new litigation strategy rather than any effort to correct an injustice. They stress that Counts One and Two have been fully litigated, and motions for reconsideration are not proper when based on arguments that were or could have been presented during initial consideration. The Insurers further contend that Count Three, as pled, depended on Count One and was no longer viable after the Court granted summary judgment as to Count One. Because Count Three was no longer viable after judgment had been granted to the Insurers as to Count One, the Insurers argue that further notice that the Court was considering dismissing Count Three was unnecessary.

As an initial matter, the Court finds that the opinion compelling appraisal fully resolved Count Two, which sought a declaration that appraisal was not required. The opinion denying the motion to vacate the appraisal award and granting partial summary judgment to the Insurers fully resolved Count One, which alleged that the Insurers wrongfully failed to pay the Greenbrier's insurance claim. The Greenbrier has not presented new facts, new legal precedent, or any grounds for finding that the Court's rulings on those issues constitute manifest injustice. The argument that the scope of coverage has yet to be determined is simply an alternative legal argument that could have been presented in earlier stages of the litigation. The appraisal decision determined that the evidence did not support the Greenbrier's claimed loss, and the Court found that decision to be enforceable. Without a loss, dispute about whether the policies would cover the loss is irrelevant. Thus, to the extent the Greenbrier seeks reconsideration or alteration of the Court's rulings on Counts One and Two, the motion should be denied.

The Court dismissed Count Three without full briefing from the parties, and finds that full consideration of the Greenbrier's arguments presented as to Count Three is appropriate. The

5

Court will view those arguments under the standard applicable to a motion for judgment on the pleadings, with consideration of the prior orders resolving certain allegations.

Count Three alleges that the Insurers knew or should have known that there were amounts due and payable under the policies, but refused to make such payments. It alleges that the Insurers reviewed claims information selectively and misinterpreted the evidence and the policies to support their refusal to pay the Greenbrier's claim, that they offered less than the amount due to the Greenbrier, and that they unreasonably delayed resolution of the claims. Count Three further asserts that the Insurers did not provide a reasonable explanation for their refusal to pay the Greenbrier's claim in full, and they unlawfully used out-of-state insurance adjusters and investigators. The Greenbrier alleges damages "as set forth above," and seeks punitive damages. (Am. Compl. at ¶ 50.)

The Unfair Trade Practices Act (UTPA) sets forth a list of unfair claims settlement practices that may form the basis for liability against insurance companies that repeatedly engage in such practices. W.Va. Code § 33-1-4(9). The West Virginia Supreme Court has found a private right of action to litigate violations of the UTPA, though it has noted that "[i]t would seem apparent that some of the provisions of W. Va. Code, 33-11-4(9), would be unlikely predicates on which to base a cause of action, since their violation would not be the proximate cause of any damages." *Jenkins v. J. C. Penney Cas. Ins. Co.*, 280 S.E.2d 252, n. 10 (W. Va. 1981), *overruled on other grounds by State ex rel. State Farm Fire & Cas. Co. v. Madden*, 451 S.E.2d 721 (W. Va. 1994). Although common law bad faith claims require that the insured substantially prevail on the underlying contract dispute, a UTPA or *Jenkins* action "predicates entitlement to relief solely upon violation of the West Virginia Unfair Trade Practices Act, W. Va. Code § 33–11–4(9), where

6

such violation arises from a 'general business practice' on the part of the insurer." Syl. Pt. 5, *Lemasters v. Nationwide Mut. Ins. Co.*, 751 S.E.2d 735, 737–38 (W. Va. 2013); *but see Cava v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 753 S.E.2d 1, 9, n. 6 (2013) (noting a general rule that "a court must find that there is coverage before there can be common law bad faith and UTPA claims against an insurance company.")

The Court's order dismissing Count Three noted the general rule requiring a finding of coverage without referencing the case law holding that UTPA violations do not require that the insured substantially prevail on the underlying insurance claim. The Court's order was also confusingly phrased in its reference to a 'finding of coverage.' In this case, there is no dispute that the policies provided coverage for the types of claims pursued by the Greenbrier.[4] The issue in Count One revolved around the extent of the loss and whether the Insurers wrongfully denied the Greenbrier's claim. The appraisal opinion and the Court's opinion as to Count One established not that there was *no coverage*, but that there was no *wrongful denial of coverage*.

The problem with Count Three, as the Insurers argue, arises from the nature of the factual allegations contained in Count Three, combined with the Court's prior opinions resolving Counts One and Two. The Court's ruling as to Count Two established that the Insurers timely demanded appraisal and were entitled, under the terms of the policies, to have the amount of the Greenbrier's loss determined through the appraisal process. In the opinion declining to vacate the appraisal and granting judgment to the Insurers as to Count One, the Court determined that the Insurers had promptly paid the amount of loss that they substantiated, timely demanded appraisal to resolve the

---

[4] Had the case proceeded differently, the Court recognizes that the Insurers could have asserted that the business loss provisions did not provide coverage for the specific losses suffered by the Greenbrier. Because the appraisal panel determined that the Greenbrier did not suffer the claimed losses, the scope of that provision was not explored in this litigation.

7

dispute regarding the remainder of the Greenbrier's claim, and promptly paid the amount found due during the appraisal process. As the Court explained above, reconsideration is not an appropriate avenue to challenge those conclusions.

The problem that remains with Count Three is that it does not appear to the Court to contain factual allegations in support of the alleged UTPA violations that are not centered on the Insurers' (a) invocation of the appraisal process or (b) refusal to pay the Greenbrier's full $17 million business loss claim. The Greenbrier contends that Count Three "alleges, among other things, that the Defendants were unfair and did not act in good faith in the manner in which they investigated and adjusted Plaintiffs' loss." (Pl.'s Reply at 1.) Bare allegations of "unfairness" and recitations of statutory language are not sufficient to state a claim. The *factual* underpinning to the allegations of unfairness rests on the Insurers' refusal to pay the full claim submitted by the Greenbrier. The only other factual allegations relevant to Count Three relate to whether certain insurance adjusters or investigators were licensed in West Virginia. The Greenbrier alleges that those asserted violations "may be directly and proximately causally related to the claim handling improprieties," which resulted in the refusal to pay the full claim. (Am. Compl. at ¶ 48.) In short, Count Three cannot survive without Counts One and Two because the Court's decisions resolving Counts One and Two eliminate the foundation of the factual allegations and the potential basis for any damages award. Therefore, although the Court finds that the Greenbrier is entitled to have its arguments heard and addressed with a fuller explanation than that contained in the January 4, 2018 Order, the motion for reconsideration must be denied because Count Three does not state a claim that survives the judgments previously entered on Counts One and Two.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion for Reconsideration of January 4, 2018 Order and Judgment Order* (Document 104) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:     June 11, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA